**Martin Attila BALLA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 00–70852.
I & NS No. A76–371–285.

United States Court of Appeals,
Ninth Circuit.

Submitted March 15, 2002.*

Decided March 25, 2002.

Before HUG and TASHIMA, Circuit Judges, and SEDWICK,** District Judge.

MEMORANDUM ***

Martin Attila Balla, a native and citizen of Romania, petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal from an Immigration Judge's ("IJ") decision de-

nying his applications for asylum and withholding of deportation under 8 U.S.C. § 1158 and 1231(b)(3). Balla alleged that he was subjected to persecution and faced future persecution should he return to Romania, including being beaten and incarcerated, on account of his Hungarian ethnicity and imputed political opinion.

We have jurisdiction pursuant to INA § 242(b); 8 U.S.C. §§ 1252(b), and we deny Balla's petition for review. Because the parties are familiar with the factual and procedural history of this case, we do not recount it here except as necessary to explain our decision.

The BIA's decision that an alien has not established eligibility for asylum is reviewed under the substantial evidence standard. *See Ochave v. INS*, 254 F.3d 859, 861–62 (9th Cir.2001). Thus, the BIA's determination that an alien is not eligible for asylum must be upheld if supported by reasonable, substantial, and probative evidence in the record. *See INS. v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). The standard is extremely deferential, requiring a reviewing court to uphold the Board's denial unless an alien demonstrates "that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Martirosyan v. INS*, 229 F.3d 903, 908 (9th Cir.2000) (quoting *Elias–Zacarias*, 502 U.S. at 483–84).

Under § 208(b)(1) of the INA, 8 U.S.C. § 1158(b)(1), the Attorney General has the discretion to grant asylum to "refugees." *See INS v. Cardoza–Fonseca*, 480 U.S. 421, 428 n. 5, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). The Act defines a "refugee" as

---

** Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

a person unable to return to his or her country of nationality "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). We have defined persecution as "the infliction of suffering or harm upon those who differ (in race, religion or political opinion) in a way regarded as offensive." *Prasad v. INS*, 47 F.3d 336, 339 (9th Cir.1995) (quotations and citations omitted).

An alien seeking asylum has the burden of proving his eligibility for this relief. *See* 8 C.F.R. § 208.13(a)(2000); *Mejia–Paiz v. INS*, 111 F.3d 720, 723 (9th Cir.1997). Eligibility for asylum requires a showing by the alien that he was persecuted in the past, or that he fears future persecution in his native country, and that such fear is "well-founded." 8 U.S.C. § 1101(a)(42)(A). In addition, an applicant for asylum must demonstrate, by direct or circumstantial evidence, that any alleged persecution or fear of persecution is "on account of" his race, religion, nationality, political opinion, or membership in a particular social group—and not for some other reason. *Elias–Zacarias*, 502 U.S. at 483; *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir.1997). Balla has failed to meet his burden.

## I. Past Persecution

■ The BIA adopted the IJ's determination that Balla's interrogation, incarceration, and abuse at the hands of Romanian authorities did not constitute past persecution on the basis of a protected ground. We cannot say that the evidence compels a different conclusion.

Balla was beaten on at least two occasions by Romanian officials. However, to rise to the level of persecution for purposes of granting asylum, "a petitioner must prove that the alleged persecution was in fact because of the applicant's [race, religion, nationality, membership in a particular social group, or political opinion]." *Kozulin v. INS*, 218 F.3d 1112, 1116 (9th Cir.2000) (quotations omitted). Balla fails to show that the police conduct directed towards him was because of a protected ground.

Indeed, Balla's only contacts with Romanian authorities took place following some episode of law breaking, specifically the 1986–87 violations of the exist laws, and the 1993 weapons theft at the factory. *See Abedini v. INS*, 971 F.2d 188, 191 (9th Cir.1992) (possibility of prosecution for an act deemed criminal in native country, which is made applicable to all people in that country, does not rise to the level of persecution). Furthermore, Balla offers no evidence that these actions on the part of Romanian officials were pretextual. *See Chanco v. INS*, 82 F.3d 298, 302 ("Although prosecution for a common law crime will not ordinarily constitute persecution, a showing of disproportionate punishment may support a claim that the prosecution is a pretext for persecution on account of [a protected ground]").

It is true that a reasonable fact-finder could have found these incidents sufficient to establish past persecution; however, we believe that a factfinder would not be *compelled* to do so. *See Prasad*, 47 F.3d at 339–40 (evidence did not compel the conclusion that alien's arrest amounted to persecution, even though alien was hit and kicked, and even though the alien believed that if he continued his political activity he would be arrested and beaten again). Accordingly, given the standard of review over denials of asylum, we conclude that substantial evidence supports the determination that Balla failed to establish past persecution.

## II. Well–Founded Fear of Future Persecution

■ To establish a well-founded fear of persecution, the alien must show not only that the fear of persecution is genuine, but must also provide "credible, direct and specific evidence in the record of facts that would support a *reasonable* fear that the petitioner faces persecution." *Berroteran–Melendez v. INS*, 955 F.2d 1251, 1255–56 (9th Cir.1992) (citation omitted). We believe that substantial evidence supports the determination that Balla failed to establish a well-founded fear of future persecution.

Balla relies heavily on the alleged past incidences of persecution to give rise to an inference of future persecution under 8 C.F.R. § 208.16(b)(2). However, as we discussed above, Balla fails to offer sufficient evidence that his mistreatment was because of a protected ground.

In addition, after the jailing and abuse associated with the 1986 and 1987 violation of Romanian exit laws, nothing happened to Balla for six years, until 1993. In 1993, according to Balla's testimony, he was questioned by police when "a lot of weapons" were stolen from a factory where Balla had recently installed faucets. Stolen weapons are a legitimate cause for investigation; however, Balla was not arrested nor was he physically harmed. After a search of his apartment and work place revealed no evidence, no case was brought against him. Following this incident, Balla remained in Romania for two more years without incident. *See Rodriguez–Rivera v. U.S. INS*, 848 F.2d 998, 1006 (9th Cir.1988) (insufficient objective evidence of well-founded fear of persecution where the alien lived undisturbed in the country for two months prior to leaving). Finally, Balla offered no evidence of any problems with the Romanian government, or any other groups, experienced by his family. Although poor, Balla's family continues to reside in Cluj, Romania, apparently unmolested. *See Cuadras v. INS*, 910 F.2d 567, 571 (9th Cir.1990) (fact that several members of alien's family remain unharmed in country of alleged persecution undermines probability of persecution).

Again, even if a reasonable factfinder could find that the evidence could be viewed as giving rise to a well-founded fear of future prosecution, such would be insufficient. Under the governing standard of review, Balla must show that the evidence not only supports his position "but compels it." *See Fisher v. INS*, 79 F.3d 955, 961 (9th Cir.1996) (en banc) (citing *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995)).

We conclude that Balla has failed to produce evidence that compels the conclusion of either past persecution or a well-founded fear of future persecution if Balla were returned to Romania. Therefore, we deny Balla's petition with respect to his claim for asylum.

Because Balla has failed to satisfy the lessor standard of proof to establish eligibility for asylum, he necessarily fails to satisfy the more rigorous standard for withholding of deportation. *See Cruz–Navarro v. INS*, 232 F.3d 1024, 1031 (9th Cir.2000). Accordingly, we also deny Balla's petition with respect to his withholding of deportation claim.

DENIED.